OPINION
{¶ 1} Russell H. Booth, Jr. Administrator DBN WWA of the Estate of Harold J. Hendershot appeals the judgment of the Court of Common Pleas, Probate Division, of Guernsey County, Ohio which found he was negligent or at fault in failing to preserve an estate asset. This matter was appealed to us earlier, but was remanded for findings of fact and conclusions of law. Appellant assigns six errors to the trial court:
 {¶ 2} The appellee is defendant Benjamin Hendershot, decedent's son.
 {¶ 3} The trial court made extensive findings of fact. In late 1994 and early 1995, decedent divided his 200 acre farm among his four sons, keeping one acre for himself. In 1995, decedent Harold Hendershot purchased a tractor from defendant Suburban Tractor. It was a John Deere model 6200, a large agricultural tractor of the type used for commercial farming, not a lawn and garden type tractor used for mowing grass. Decedent used the tractor for the farming business conducted on his land and/or his children's land, and did not use the tractor as a hobby.
 {¶ 4} Decedent financed the purchase of the tractor with John Deere Credit Services and John Deere Credit Services took a security interest in the tractor. Decedent died on February 6, 1999. Prior to his death, decedent had entrusted possession of the tractor to his son Benjamin Hendershot. Benjamin Hendershot used the tractor in his commercial farming business following the death of decedent.
 {¶ 5} After February 6, 1999, when decedent died, and prior to December 21, 1999, Benjamin Hendershot made the installment payments to John Deere Credit Services in the total amount of $1,457.02. During this time, Benjamin Hendershot had discussions with Suburban Tractor about acquiring the tractor.
 {¶ 6} On December 21, 1999, Suburban Tractor repossessed the tractor on behalf of John Deere Credit Services. On December 23, 1999, Benjamin Hendershot paid Suburban Tractor $5,010.04, which was apparently the balance due on decedent's loan plus repossession charges. In turn, Suburban Tractor gave Benjamin Hendershot a customer purchase order for the tractor. The trial court found this purchase order was the same document Suburban Tractor gave any retail customer as evidence of a sale.
 {¶ 7} At the time of these transactions, the value of the tractor was approximately $12,500. The court found the fiduciaries of the estate of Harold Hendershot neglected to take any action between decedent's death until the tractor was repossessed, either by making payments to the John Deere Credit Services for the tractor, selling the tractor, or taking possession of the tractor from Benjamin Hendershot.
 {¶ 8} The trial court found Suburban Tractor did not give the estate of Harold Hendershot any notice it intended to dispose of the tractor, and the court found the transaction between Suburban Tractor and Benjamin Hendershot was not a commercially reasonable sale of the collateral.
 {¶ 9} The trial court also made extensive conclusions of law. The court found Suburban Tractor had the legal authority to repossess the tractor and dispose of it as collateral of the loan. The court found Suburban Tractor was estopped to deny the acceptance of consideration and delivery of the tractor to Benjamin Hendershot. The trial court found the Ohio Retail Installment Sales Act applies to sale of goods purchased primarily for personal, family, or household purposes. The court found the tractor was used in a commercial farming business, and thus, the statute did not apply to the sale of the tractor to Harold Hendershot. The court also found the fiduciaries of the estate were negligent, and had damaged the estate in the amount of $2,500.
 {¶ 10} The trial court concluded Benjamin Hendershot was a valid buyer of the tractor. The court found Suburban Tractor did not have the legal authority to sell the asset without the approval of the estate. The court ordered Suburban Tractor to reimburse the estate. The court found it appropriate to subtract the various monies paid by Benjamin Hendershot to Suburban Tractor, in the amount of $5,010.04, the purchase price of the tractor, $100 Hendershot paid in repairs, and the $1,457.02 which the court found the estate should have paid on the original loan to decedent. The court subtracted those amounts from the $12,500 value of the tractor, and found a deficiency to the estate of $4,932.94. The court found the administrator with the will attached was negligent in failing to preserve the estate asset, and set off $2,500 from the deficiency. The court's final judgment against Suburban Tractor was $2,732.94, plus interest, payable to the estate.
 {¶ 11} "I. THE TRIAL COURT ERRED IN PERMITTING SUBURBAN TRACTOR COMPANY TO "SELL" THE TRACTOR SINCE ITS REPOSSESSION OF THE TRACTOR WAS UNLAWFUL UNDER THE OHIO RETAIL INSTALLMENT SALES ACT.
 {¶ 12} "II. THE TRIAL COURT ERRED IN FINDING THAT SUBURBAN TRACTOR COMPANY SOLD THE TRACTOR TO BENJAMIN HENDERSHOT FOR THE SUM OF $5,010.04 AND THAT BENJAMIN HENDERSHOT IS A VALID BUYER OF THE TRACTOR.
 {¶ 13} "III. THE TRIAL COURT ERRED IN FINDING THAT THE OHIO RETAIL INSTALLMENT SALES ACT DID NOT APPLY TO THIS TRANSACTION.
 {¶ 14} "IV. THE TRIAL COURT ERRED IN THE MANNER IN WHICH IT DETERMINED THE VALUE OF THE TRACTOR AS OF THE DATE OF THE "SALE".
 {¶ 15} "V. THE TRIAL COURT ERRED IN HOLDING THE ESTATE LIABLE FOR REPAIRS TO THE TRACTOR IN THE AMOUNT OF $100.00.
 {¶ 16} "VI. THE TRIAL COURT ERRED IN PENALIZING THE ESTATE IN THE AMOUNT OF $250.00 A MONTH FOR TEN MONTHS BASED UPON THE NEGLIGENCE OF THE EXECUTOR."
 {¶ 17} Defendant Suburban Tractor Company appeals the portion of the trial court's judgment that found it had no legal authority to sell the asset in question without the approval or consent of the estate. Suburban Tractor Company assigns six errors on cross appeal:
 {¶ 18} "I. THE TRIAL COURT ERRED IN DECIDING THAT A COMPLETED SALE OF THE TRACTOR WAS MADE BY DEFENDANT-APPELLANT SUBURBAN TRACTOR TO DEFENDANT-APPELLEE BENJAMIN HENDERSHOT ABSENT ANY EVIDENCE THAT DEFENDANT-APPELLANT SUBURBAN TRACTOR EVER OWNED THE TRACTOR OR HAD THE RIGHT TO SELL THE TRACTOR.
 {¶ 19} "II. THE TRIAL COURT ERRED IN DECIDING THAT A COMPLETED SALE OF THE TRACTOR WAS MADE BY DEFENDANT-APPELLANT SUBURBAN TRACTOR TO DEFENDANT-APPELLEE BENJAMIN HENERSHOT [SIC] WHEN THE UNDISPUTED WRITTEN EVIDENCE SPECIFIED THAT THE TRANSACTION WAS MERELY THE PAYOFF OF THE PURCHASE MONEY PROMISSORY NOTE ENCUMBERING THE TRACTOR.
 {¶ 20} "III. THE DECISION OF THE TRIAL COURT THAT A COMPLETED SALE OF THE TRACTOR WAS MADE BY SUBURBAN TRACTOR TO BENJAMIN HENDERSHOT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 21} "IV. THE TRIAL COURT ERRED BY REFUSING TO FIND A MUTUAL MISTAKE AND THE ABSENCE OF A MEETING OF THE MINDS IN THE ALLEGED CONTRACT, WHERE, THE BUYER TESTIFIED THAT HE INTENDED TO PURCHASE AND ACQUIRE TITLE TO THE TRACTOR BUT THE UNDISPUTED EVIDENCE WAS THAT THE ALLEGED SELLER SUBURBAN TRACTOR, INTENDED NOTHING MORE THAN TO ACHIEVE A PAYOFF OF THE PURCHASE MONEY PROMISSORY NOTE SO THAT THE TRACTOR COULD BE RETURNED TO THE EXACT LOCATION FROM WHICH IT HAD BEEN REPOSSESSED THE PREVIOUS DAY.
 {¶ 22} "V. THE TRIAL COURT ERRED BY HOLDING SUBURBAN TRACTOR, THE AGENT OF JOHN DEERE CREDIT, LIABLE FOR THE DEBT OF ITS DISCLOSED PRINCIPAL, WHEN AT ALL TIMES RELEVANT HEREIN SUBURBAN TRACTOR ACTED WITHIN THE SCOPE OF ITS AUTHORITY AND AT THE DIRECTION OF JOHN DEERE CREDIT.
 {¶ 23} "VI. THE TRIAL COURT ERRED IN FAILING TO MAKE FINDINGS OF FACT WHICH THE MANIFEST WEIGHT OF THE EVIDENCE SUPPORTS."
 {¶ 24} We will group these assignments of error of the estate and Suburban Tractor together as necessary for clarity.
I, II, III of the Administrator of the Estate
I, II, III, IV, V of Suburban Tractor
 {¶ 25} The basic argument of the plaintiff-appellant, the Administrator of the Estate is that the tractor was always the property of the estate and under Section 1317.13 of the Retail Installment Sales Act, Suburban Tractor did not have the authority to repossess the tractor. Plaintiff-appellant also argues the only legal significance of Benjamin Hendershot's payment of $5,010.04 to Suburban Tractor was to pay off the balance of the note which the estate owed, not to actually purchase the tractor for himself.
 {¶ 26} Suburban Tractor agrees it did not sell the tractor to appellee Benjamin Hendershot because after Benjamin Hendershot tendered the money, Suburban Tractor gave him a written document which specified the transaction was the pay-off of the purchase money promissory note encumbering the tractor. Suburban Tractor argues it never owned the tractor or had the right to sell the tractor, and there was no evidence before the trial court that a completed sale of the tractor had been made.
 {¶ 27} Appellee Benjamin Hendershot's position is that Suburban Tractor repossessed the tractor, and took physical possession of it as John Deere's agent. For this reason, Benjamin Hendershot argues Suburban Tractor had the legal right to sell the tractor either by public or private sale, pursuant to R.C. 1309.47.
 {¶ 28} The trial court found the Retail Installment Sales Act does not apply because decedent Harold Hendershot purchased the tractor to use for commercial purposes, rather than for a hobby. Our review of the transcript leads us to conclude there was evidence presented to the trial court that decedent used the tractor for commercial purposes. If the Retail Installment Sale Act had applied, then Suburban Tractor would not have had the right to repossess the tractor because more than seventy-five percent of the purchase price had been paid by decedent.
 {¶ 29} We agree with the trial court the Retail Installment Sales Act does not apply to the sale of this tractor, and Suburban Tractor, as the agent for the John Deere Company, had the right to repossess the property.
 {¶ 30} Furthermore, the evidence demonstrates that when Benjamin Hendershot tendered the $5,010.04, it was to pay off the promissory note encumbering the tractor. In other words, Benjamin Hendershot redeemed the property on behalf of the estate, and did not purchase the tractor or become the owner.
 {¶ 31} Benjamin Hendershot testified he believed he was purchasing the tractor. Suburban Tractor maintains it was a redemption not a sale. From this, we conclude there was no meeting of the minds regarding the transaction.
 {¶ 32} To the extent Benjamin Hendershot paid an obligation of the estate, he is entitled to reimbursement for the funds expended. We do not order interest, because from the record it appears Benjamin Hendershot has had use of the estate's tractor during the entire time in question.
 {¶ 33} As regards to the errors assigned by plaintiff appellant Russell Booth, the first, and third assignments of error are overruled and the second assignment of error is sustained.
 {¶ 34} As to the errors assigned by Suburban Tractor, each of the first five assignments of error are sustained.
IV of the Administrator
 {¶ 35} In his fourth assignment of error, plaintiff appellant Booth argues the trial court erred in the manner in which it determined the value of the tractor as of the date of the sale. Because we find there was no sale, and the tractor is still an asset of the estate, we find the valuation of the tractor as of the date of the alleged sale to be moot.
V of the Administration
 {¶ 36} In his fifth assignment of error, plaintiff-appellant Booth argues the trial court erred in holding the estate liable for the repairs to the tractor in the amount of $100.
 {¶ 37} The trial court found the repair should have been an estate expense, and plaintiff appellant presents no argument in his brief why the trial court was incorrect.
 {¶ 38} At the trial on the merits, Benjamin Hendershot was asked about the repairs to the tractor. Benjamin Hendershot testified after the tractor had been repossessed, he pointed out certain repairs, and requested Suburban Tractor made the repairs before it returned the tractor to Benjamin Hendershot's farm. Benjamin Hendershot paid approximately $100 for the repairs.
 {¶ 39} In C.E. Morris Company v. Foley Construction Company
(1978), 54 Ohio St.2d 279, the Ohio Supreme Court directed us that judgments which are supported by some competent and credible evidence which goes to all the essential elements of the case should not be reversed by a reviewing court as against the manifest weight of the evidence. In absence of evidence of precisely what the repair bills represent, or any agreement between decedent and his son regarding who was responsible for the bills, we conclude the trial court could correctly assign any bills for repair of the estate's asset to the estate.
 {¶ 40} The fifth assignment of error is overruled.
VI of the Administrator
 {¶ 41} In his sixth assignment of error, plaintiff appellant Booth argues the trial court erred in penalizing the estate in the amount of $250 a month for ten months based upon the negligence of the administrator. It appears from the record the basis for this portion of the decision was the failure to preserve an asset of the estate. Insofar as our ruling returns the asset to the estate, we find the trial court's judgment in this regard to be against the manifest weight of the evidence.
 {¶ 42} The sixth assignment of error is sustained.
VI of Suburban Tractor
 {¶ 43} In its sixth assignment of error, Suburban Tractor argues the trial court failed to make findings of fact which are supported by the manifest weight of the evidence. In the foregoing opinion, we find the trial court was correct in some aspects, and erred in others.
 {¶ 44} Suburban Tractor's sixth assignment of error is sustained in part and overruled in part.
 {¶ 45} For the foregoing reasons, the judgment of the Court of Common Pleas, probate Division, of Guernsey County, Ohio, is affirmed in part and reversed in part, and pursuant to App.R. 12, this court will enter final judgment.
By Gwin, P.J., Wise, J., and Edwards, J., concur.
topic: probate — assets of the estate